Fye, Appellant, *v.* Sharp et al.

Argued October 3, 1935. Before FRAZER, C. J., KEP-HART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Samuel S. Davidson* and *G. D. Hastings,* with him *D. F. Anderson,* for appellant.

*G. G. Martin,* with him *Skelly & Mogilowitz,* for appellees.

PER CURIAM, November 25, 1935:

Plaintiff, a building contractor, on May 29, 1930, while engaged in the erection of a dwelling house in Hasson Heights, Oil City, was seriously injured when scaffolding upon which he was working collapsed. The injury sustained was a fracture of the left acetabulum

(the socket of the hip joint) and a compound fracture of the bones of the left leg about three inches above the ankle. He was taken to the Oil City Hospital, a public hospital and charitable institution, where he remained a patient until August 14, 1930, when he was removed to his home. Later he was taken from his home to the Bashline Hospital at Grove City, a private institution, where amputation of the injured leg by Doctor O. O. Bashline, an osteopathic surgeon, followed. The defendants, Doctors Sharp, Bruner and Summerville, reputable physicians and surgeons of Oil City, attended plaintiff while in the Oil City Hospital and at his home, giving him exclusive care and treatment, during that time. The leg was at first placed in a plaster cast and later in a splint. Shortly after removal of the cast an infection developed near the ankle which was treated by defendants until the patient's removal to the Bashline Hospital, at which time defendants' connection with the case ended. There is no evidence tending to show that the doctors named above as defendants are or were agents or employees of the Oil City Hospital or by whom they were employed. Subsequent to the amputation of plaintiff's leg, this action was instituted, charging defendants with failure to exercise reasonable care, diligence and skill in their treatment of the case. Following the close of plaintiff's testimony, the trial judge granted a nonsuit, which he later refused to take off. In actions of this character, the burden is on plaintiff to show not only negligence or unskillfulness of the attending surgeon but further that the injury complained of resulted from such unskillfulness or negligence: Wohlert v. Seibert, 23 Pa. Superior Ct. 213, and cases there cited.

We have fully and carefully examined and considered the evidence, and fail to discover error on the part of the lower court. While the three doctors examined on behalf of plaintiff do not in all respects approve of the treatment applied by defendants in connection with the

injured leg of plaintiff, not one of them testified that the treatment given plaintiff made necessary the amputation of plaintiff's injured leg. In summing up the evidence, the lower court said: "Nowhere in the testimony of the physicians and surgeons called in behalf of the plaintiff does it appear that the unfortunate results of his accident were due to the treatment and care administered by the defendants, nor is there any testimony that there is any causal connection between such treatment and the present condition of plaintiff." This conclusion is fully warranted by the testimony, and is adopted by this court.

Plaintiff having failed to meet the burden of proof cast upon him under the law, the judgment of the lower court must be affirmed.

Judgment affirmed.